**FILED**

**SEPTEMBER 16, 2005**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**05C 5378**

| | | |
|---|---|---|
| **ILLINOIS TOOL WORKS INC.,** | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | JUDGE JOHN W DARRAH |
| | ) | |
| **PACTIV CORPORATION,** | ) | **MAGISTRATE JUDGE DENLOW** |
| **HORMEL FOODS CORPORATION;** | ) | |
| and, | ) | **Jury Trial Demanded** |
| **RYT-WAY INDUSTRIES, INC.** | ) | |
| Defendants. | ) | **FILED** |

SEP 1 6 2005

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## COMPLAINT

Illinois Tool Works Inc. ("ITW") for its Complaint against Pactiv Corporation ("Pactiv"), Hormel Foods Corporation ("Hormel") and Ryt-Way Industries, Inc. ("Ryt-Way"), (collectively Pactiv, Hormel, and Ryt-Way are "Defendants") alleges as follows:

### NATURE OF ACTION

1.     This is an action for patent infringement arising under the Title 35 of the United States Code seeking monetary damages and injunctive relief against all Defendants due to their continued and willful violation of Plaintiff's patent rights.

### PARTIES

2.     Illinois Tool Works Incorporated is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3600 West Lake Avenue, Glenview, Illinois 60025-5811.

3.     Pactiv Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1900 W. Fielf Cort, Lake Forest, Illinois, 60045-4828. Defendant Pactiv can be served by service upon its agent of

Raymond P. Niro, Jr. Esq. of Niro, Scavone, Haller & Niro, 181 West Madison Street, Suite 4600, Chicago, Illinois, 60602-4515.

4.    Hormel Foods Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Hormel Place, Austin, Minnesota 55912-36680. Defendant Hormel can be served by service upon its registered agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

5.    Ryt-Way Industries, Inc. is a corporation organized and existing under the laws of Minnesota, having a principal place of business at 21850 Grenada Avenue, Lakeville, Minnesota 55044. Defendant Ryt-Way can be served by service upon its agent CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

## JURISDICTION

6.    ITW's cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code, including, among others, section 271 entitled, "Infringement of Patent."

7.    This Court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code, Section 1338(a).

8.    Venue in this district is proper pursuant to the provisions of Title 28, United States Code, Sections 1391(b) and 1400 (b).

9.    This Court has personal jurisdiction over Pactiv because its principal place of business is here in this judicial district and it does business in this judicial district, and has engaged in activities directed to or from this forum related to ITW's patent infringement claim.

2

10.     Upon information and belief, this Court has personal jurisdiction over Hormel because it does business in this judicial district, and has engaged in activities directed to this forum related to ITW's patent infringement claim.

11.     Upon information and belief, this Court has personal jurisdiction over Rytway because it does business in this judicial district, and has engaged in activities directed to this forum related to ITW's patent infringement claim.

## PATENT-IN-SUIT

12.     On August 1, 2002 a continuation patent application was filed with the United States Patent and Trademark Office having a priority date of November 7, 1997, that was published on December 26, 2002 as Publication Number US 2002/0194818 A1, which application resulted in the granting of United States Patent No. 6,925,779 on August 9, 2005 to ITW ("The '799 Patent"). A true and accurate copy of The '779 Patent is attached hereto as Exhibit A.

13.     Due to the Patent Office's error several allowed claims were omitted from The '799 Patent as issued. ITW has applied for a Certificate of Correction to address this error. A true and accurate copy of the Certificate of Correction as submitted to the Patent Office is attached hereto as Exhibit B.

14.     Upon information and belief, Defendants have known of the application for The '799 Patent since it was published on December 26, 2002.

15.     Moreover, upon further information and belief, Defendants have known of The '799 Patent since its issuance on August 9, 2005.

16.     ITW is the Assignee of The '779 Patent and has starting to sue for infringement of the '779 Patent.

## COUNT I – PATENT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

17.     ITW hereby incorporates by reference Paragraphs 1 through 16 by reference.

18.     Defendants have infringed The '779 Patent, directly or through the Doctrine of Equivalence, by making, using, offering for sale, selling, distributing and servicing products which are made by or used in methods that infringe the claims of The '779 Patent.

19.     Defendants' deliberate acts of infringing The '799 Patent have been willful and will continue unless enjoined by this Court.

20.     Defendants' willful acts of infringement are causing damage and irreparable injury to ITW.

## COUNT II – INDUCEMENT OF PATENT INFRINGEMENT
## (AGAINST PACTIV)

21.     ITW hereby incorporates by reference Paragraphs 1 through 20 by reference.

22.     Pactiv has infringed, induced others to infringe and contributed to the infringement of The '779 Patent by making, using, offering for sale, selling, distributing and servicing products which are made by or used in methods that infringe the claims of The '779 Patent.

23.     Pactiv's deliberate acts of infringing The '799 Patent have been willful and will continue unless enjoined by this Court.

24.     Pactiv's willful acts of infringement are causing damage and irreparable injury to ITW.

## PRAYER FOR RELIEF

WHEREFORE, ITW prays this Court enters Judgment against defendants, separately and jointly, and against their affiliates, subsidiaries, agents, servants, employees of all persons in active concert or participation with them, granting the following relief:

4

A.    Preliminarily enjoin Defendants and all those acting in concert with Defendants from infringing, inducing others to infringe, or contributing to the infringement of The '779 Patent;

B.    Award ITW a reasonable royalty, under 35 U.S.C. § 154 (d) (Provisional Rights), due to Defendants' pre-grant infringing activities that occurred between August 1, 2002 and August 9, 2005;

C.    Award ITW monetary damages due to Defendants' post-grant infringement as allowed by 35 U.S.C. § 284;

D.    Determine Defendants' infringement has been willful and treble the damages award pursuant to 35 U.S.C. §284;

E.    Determine Defendants' conduct renders their patent infringement an exceptional case and award attorney fees pursuant to 35 U.S.C. §285;

F.    Award ITW its costs, and expenses, together with prejudgment interest;

G.    Permanently enjoin Defendants and all those acting in concert with Defendants from infringing, inducing others to infringe, or contributing to the infringement of The '779 Patent; and

H.    Grant all other relief found necessary, just and proper under the circumstances.

## JURY DEMAND

ITW hereby demands trial by jury on all issues so triable, pursuant to Rule 38

of the Federal Rules of Civil Procedure.

Dated: September 16, 2005

Respectfully submitted,

Thomas R. Mulroy
John A. Leja
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 – Telephone
(312) 849-3690 – Facsimile

Attorneys for Plaintiff/Illinois Tool Works Inc.

\\COM\538472.1



US006925779B2

(12) **United States Patent**  (10) **Patent No.:** US 6,925,779 B2

Thieman  (45) **Date of Patent:** *Aug. 9, 2005

(54) **METHOD AND APPARATUS FOR PLACING A PRODUCT IN A FLEXIBLE RECLOSEABLE CONTAINER**

(75) Inventor: **Ronald G. Thieman**, Noblesville, IN (US)

(73) Assignee: **Illinois Tool Works Inc.**, Glenview, IL (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **10/209,769**

(22) Filed: **Aug. 1, 2002**

(65) **Prior Publication Data**

US 2002/0194818 A1 Dec. 26, 2002

**Related U.S. Application Data**

(63) Continuation of application No. 10/022,451, filed on Dec. 17, 2001, now Pat. No. 6,438,926, which is a continuation of application No. 09/796,262, filed on Feb. 28, 2001, now Pat. No. 6,363,692, which is a continuation of application No. 09/370,053, filed on Aug. 6, 1999, now Pat. No. 6,209,287, which is a continuation of application No. 08/965,722, filed on Nov. 11, 1997, now Pat. No. 5,956,924.

(51) Int. Cl.[7] ............................................. **B65B 61/18**

(52) U.S. Cl. .......................... **53/412**; 53/450; 53/133.4; 53/139.2

(58) Field of Search ........................... 53/412, 410, 450, 53/451, 133.4, 139.2, 550, 551, 552; 493/213, 214, 215, 927

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 3,426,396 A | 2/1969 | Laguerre |
| 3,701,191 A | 10/1972 | Laguerre |
| 4,199,845 A | 4/1980 | Ausnit |
| 4,241,865 A | 12/1980 | Ferrell |
| 4,262,395 A | 4/1981 | Kosky |
| 4,415,386 A | 11/1983 | Ferrell et al. |
| 4,581,006 A | 4/1986 | Hugues et al. |
| 4,874,257 A | 10/1989 | Inagaki |
| 4,894,975 A | 1/1990 | Ausnit |
| 4,945,714 A | 8/1990 | Bodolay et al. |
| 5,007,143 A | 4/1991 | Herrington |
| 5,010,627 A | 4/1991 | Herrington et al. |
| 5,063,644 A | 11/1991 | Herrington et al. |
| 5,067,208 A | 11/1991 | Herrington, Jr. et al. |
| 5,070,583 A | 12/1991 | Herrington |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0 689 993 A1 | 1/1996 |
| EP | 0 098 392 A1 | 4/1999 |
| GB | 2 085 519 A | 5/1982 |
| WO | WO 98/57863 | 12/1998 |
| WO | WO 99/36325 | 7/1999 |
| WO | WO 99/56947 | 11/1999 |
| WO | WO 99/65353 | 12/1999 |
| WO | WO 00/02722 | 1/2000 |

*Primary Examiner*—Rinaldi I. Rada
*Assistant Examiner*—John Paradiso
(74) *Attorney, Agent, or Firm*—John H. Pilarski

(57) **ABSTRACT**

An invention for forming, filling, and sealing a flexible recloseable container. Both vertical and horizontal methods for placing product within the container are disclosed. The invention includes guiding a web of film which has interlocking fastener strips sealed to the web. A slider for locking and unlocking the fastener strips is placed in the correct orientation, spread apart at a pair of inner feet, and inserted over the fastener strips. The slider is positioned to close a substantial portion of the strips, and then an end stop, docking station, and corner seal are formed against a sealing plate. The slider is then repositioned, and a tamper evident seal may be placed over the fastener strips.

**10 Claims, 6 Drawing Sheets**



**US 6,925,779 B2**

Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 5,085,031 A | 2/1992 | McDonald |
| 5,088,971 A | 2/1992 | Herrington |
| 5,152,613 A | 10/1992 | Herrington, Jr. |
| 5,161,286 A | 11/1992 | Herrington, Jr. et al. |
| 5,167,608 A | 12/1992 | Steffens, Jr. et al. |
| 5,179,816 A | 1/1993 | Wojnicki |
| 5,211,482 A | 5/1993 | Tilman |
| 5,247,781 A | 9/1993 | Runge |
| 5,301,394 A | 4/1994 | Richardson et al. |
| 5,301,395 A | 4/1994 | Richardson et al. |
| 5,405,478 A | 4/1995 | Richardson et al. |
| 5,417,035 A | 5/1995 | English |
| 5,425,216 A | 6/1995 | Ausnit |
| 5,431,760 A | 7/1995 | Donovan |
| 5,435,864 A | 7/1995 | Machacek et al. |
| 5,461,845 A | 10/1995 | Yeager |
| 5,482,375 A | 1/1996 | Richardson et al. |
| 5,505,037 A | 4/1996 | Terminella et al. |
| 5,525,363 A | 6/1996 | Herber et al. |
| 5,557,907 A | 9/1996 | Malin et al. |
| 5,561,966 A | 10/1996 | English |
| 5,622,431 A | 4/1997 | Simonsen |
| 5,638,586 A | 6/1997 | Malin et al. |
| 5,664,299 A | 9/1997 | Porchia et al. |
| 5,669,715 A | 9/1997 | Dobreski et al. |
| 5,816,018 A | 10/1998 | Bois |
| 5,826,401 A | 10/1998 | Bois |
| 5,836,056 A | 11/1998 | Porchia et al. |
| 5,857,310 A | 1/1999 | Bois |
| 5,884,452 A | 3/1999 | Bois |
| 5,956,924 A | 9/1999 | Thieman |
| 6,000,197 A | 12/1999 | Ausnit |
| 6,003,582 A | 12/1999 | Blohowiak et al. |
| 6,012,264 A | 1/2000 | Linkiewicz |
| 6,032,437 A | 3/2000 | Bois |
| 6,071,011 A | 6/2000 | Thomas et al. |
| 6,085,491 A | 7/2000 | Bois |
| 6,088,887 A | 7/2000 | Bois |
| 6,131,370 A | 10/2000 | Ausnit |
| 6,131,374 A | 10/2000 | Bois |
| 6,199,256 B1 | 3/2001 | Revnew et al. |
| 6,213,640 B1 | 4/2001 | Bois |
| 6,261,000 B1 | 7/2001 | Bois |
| 6,279,298 B1 | 8/2001 | Thomas et al. |
| 6,305,844 B1 | 10/2001 | Bois |
| 6,334,709 B1 | 1/2002 | Bois |
| 6,339,911 B2 | 1/2002 | Bois |
| 6,343,455 B2 | 2/2002 | Bois |



**Fig. 1**



**Fig. 2**



**Fig. 2a**



*Fig. 3*



**Fig. 4**

**U.S. Patent**     Aug. 9, 2005     Sheet 5 of 6     US 6,925,779 B2



*Fig. 5*

**U.S. Patent**     Aug. 9, 2005     Sheet 6 of 6     US 6,925,779 B2



Fig. 6

US 6,925,779 B2

1

## METHOD AND APPARATUS FOR PLACING A PRODUCT IN A FLEXIBLE RECLOSEABLE CONTAINER

### CROSS REFERENCE TO RELATED APPLICATIONS

This application is a continuation of U.S. patent application Ser. No. 10/022,451 filed Dec. 17, 2001; now U.S. Pat. No. 6,438,926 which is a continuation of U.S. patent application Ser. No. 09/796,262, filed Feb. 28, 2001, which issued as U.S. Pat. No. 6,363,692 on Apr. 2, 2002; which is a continuation of U.S. patent application Ser. No. 09/370,053, filed Aug. 6, 1999 which issued as U.S. Pat. No. 6,209,287 on Apr. 3, 2001, which is a continuation of U.S. patent application Ser. No. 08/965,722, filed Nov. 7, 1997 which issued as U.S. Pat. No. 5,956,924 on Sep. 28, 1999, all of which are incorporated herein by reference.

### BACKGROUND OF THE INVENTION

The present invention relates to a method and apparatus for placing a product in a flexible, recloseable container. However, certain applications may be outside of this field.

Flexible, recloseable containers such as zipper-type plastic bags are a significant advancement in the field of prepackaged items both for industrial and retail uses. The packaging industry recognizes the importance of using interlocking fastener profile strips to provide the ability to reclose the container after first use. It is also important that it be easy for the user to reliably close the interlocking strips. For instance, some containers utilize multi-colored interlocking strips to make it easier for the consumer to determine if a container is closed. Another way in which to provide for reliable interlocking is by the use of a slider that opens the interlocks when moved in one direction, and closes the interlocks when moved in the other direction. Sliders have not been applied to flexible, recloseable containers being filled with a product on a form, fill, and seal machine. What is needed is a method for incorporating a slider on a flexible, recloseable container that is formed, automatically filled with a product, and sealed. The present invention provides this in a novel and unobvious way.

### SUMMARY OF THE INVENTION

One aspect of the present invention provides a method for placing the product in a flexible recloseable container. The method includes feeding a web of flexible film with interlockable fastener strips. A slider is oriented to a predetermined orientation, and placed over the fastener strips. The slider is moved relative to the fastener strips such that the fastener strips are generally closed, A transverse seal is generally formed across the film and a product is placed within the web.

Another aspect of the present invention provides an apparatus for placing a product in a flexible recloseable container. The apparatus includes means for feeding a web of flexible film with interlockable fastener strips, the strips including shoulders. There is also a slider for locking and unlocking the fastener strips, the slider having feet. The apparatus also includes a slider application machine for placing the slider on the fastener strips. The slider application machine includes a rotatable selector wheel and a spreading ridge. The wheel includes a pocket for accepting the slider and moving the slider while it is in contact with the spreading ridge, such that the feet are spread apart sufficiently to pass freely over the shoulders of the fastener

2

strips. There is also a sealing mechanism for forming at least a partial transverse seal generally across the film. The apparatus also includes means for placing a product within the web of flexible film.

It is an object of the present invention to provide an improved method for placing a product in a flexible recloseable container.

This and other objects of the present invention will be found in the claims, description, and drawings of the embodiments of the present invention to follow.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 shows a flexible recloseable container for containing a product, the container being suitable for being formed, filled, and sealed in several embodiments of the present invention.

FIG. 2 is an enlarged perspective fragmentary cross sectional view of the container of FIG. 1 as taken along line 2—2 of FIG. 1, with one sidewall partially peeled away from the other sidewall.

FIG. 2a is a partial cross-sectional view of the container of FIG. 2 as taken along line 2a—2a of FIG. 2.

FIG. 3 is a schematic representation of apparatus 100, one embodiment of the present invention, for forming, filling, and sealing a container in a substantially vertical manner.

FIG. 4 shows a side elevational view of a slider application machine useful with the present invention.

FIG. 5 is a schematic representation of a side view of apparatus 200, another embodiment of the present invention, for forming, filling, and sealing a container in a substantially horizontal manner.

FIG. 6 is a perspective schematic of apparatus 400, another embodiment of the present invention, for forming, filling, and sealing a container in a substantially horizontal manner.

### DESCRIPTION OF THE PREFERRED EMBODIMENT

For the purposes of promoting an understanding of the principles of the invention, reference will now be made to the embodiment illustrated in the drawings and specific language will be used to describe the same. It will nevertheless be understood that no limitation of the scope of the invention is thereby intended, such alterations and further modifications in the illustrated device, and such further applications of the principles of the invention as illustrated therein being contemplated as would normally occur to one skilled in the art to which the invention relates.

FIG. 1 shows a flexible recloseable container 20 for containing a product, container 20 useful for being formed, filled, and sealed in several embodiments of the present invention. Container 20 comprises first and second sidewalls 22 and 24, respectively, which may be made from any suitable thermoplastic film such as, for example, low density polyethylene, linear low density polyethylene, or similar materials. Sidewalls 22 and 24 include first left transverse side seal 28 and second right transverse side seal 30. Container 20 also includes a bottom edge 26 generally opposite a pair of interlocking fastener strips 32 and 34. Bottom edge 26 may include a fold between sidewalls 22 and 24, such as for a container formed using some embodiments of a vertical form, fill and seal apparatus, or alternatively edge 26 may include a seal between sidewalls 22 and 24, such as for a container 20 formed using other embodiments of a horizontal form, fill, and seal apparatus.

**3**

FIG. 2 is an enlarged cross section of the container of FIG. 1 as taken along line 2—2 of FIG. 1 with sidewall 22 partially peeled away from sidewall 24. As shown in both FIGS. 1 and 2, interlocking strips 32 and 34 of fastener profiles run along the top edge of container 20. Strips 32 and 34 are sealed together at endstops 36 and 38. A docking station 39 is located near endstop 36. Strips 32 and 34 are sealed to each other and also to sidewalls 22 and 24 at corner seals 40 and 42. Corner seals 40 and 42 are located above their respective edges of container 20. Seals 40 and 42 are generally located below shoulders 45 and 47 of fastener strips 32 and 34, respectively, and above lower edges 45a and 47a of inner flanges 44 and 46 of fastener strips 32 and 34, respectively. In one embodiment of the present invention, container 20 includes a tamper-evident seal 43 between sidewalls 22 and 24. Seal 43 may be an extension of flanges 46 and 44 that extends internally across the opening of container 20. Seal 43 may be integrally molded with flanges 44 and 46, or may be attached separately. The broken or unbroken state of seal 43 provides evidence to the user of whether or not container 20 has been previously opened. A tamper evident seal is especially useful with a form, fill, and seal machine that inserts an edible product into container 20.

Slider 48 is slidable upon fastener strips 32 and 34. Movement of slider 48 along the fastener profiles results in either an interlocking of profiles 50 and 52, or an unlocking of profiles 50 and 52. In some embodiments of the present invention profiles 50 and 52 are comprised of uppermost and bottommost closure elements. In one embodiment there is an uppermost closure element 50a that interlocks with uppermost closure element 52a, and a bottommost closure element 50b that interlocks with bottommost closure element 52b. In a more preferable embodiment of the present invention separator 60 has a length sufficient to separate elements 50a and 52a, and its length is otherwise kept to a minimum. In this manner, separator 50 is kept from interferring with spreading ridge 314 of slider application machine 114, as will be shown later. It is preferable that slider 48 be cast or molded as a single piece, such that subsequent spreading of slider 48 by slider application machine 114 does not unduly stress a joint between separate slider components.

FIG. 2a is a partial cross-sectional view of the container of FIG. 2 as taken along line 2a—2a of FIG. 2. Slider 48 is shown enclosing non-interlocked portions of fastener strips 34 and 32. A separator 60 separates closure elements 50a and 52a. Feet 54 and 56 of slider 48 retain slider 48 on the interlocking strips by shoulders 45 and 47, respectively.

FIG. 3 is a schematic representation of apparatus 100, one embodiment of the present invention. Apparatus 100 is useful for forming, filling, and sealing a flexible reclosable container such as, for example, container 20 in a generally vertical orientation. Apparatus 100 includes rollers, belts, or similar devices for feeding film web 102 to a film guide 103 that accepts the sheet of web 102 and forms it into a generally tubular shape over the outside of filling tube 104, with web 102 proceeding in a direction as indicated by arrow 101. The supply 102 of film web is in a sheet form, as depicted.

Interlocking strips 32 and 34 of fastener profile are provided from a supply 106. Alternatively, some embodiments of the present invention include interlocking strips 32 and 34 which have previously been made integral with web 102. Strips 32 and 34 are substantially interlocked as provided, and pass over one or more guiding and tensioning rollers, and then between free edges 107a and 107b of web 102. Sealing mechanism 108 forms a continuous seal along

**4**

edge 107a of web 102 and fastener strip 32, including a portion of inner flange 44. Sealing mechanism 108 is preferably of a type that utilizes either heated metal bars or electrical impulse sealing bars. It is preferable that edge 107a seal against and overlap flange 44 and not shoulder 45. Likewise, free edge 107b is sealed along inner flange 46 of fastener strip 34, and preferably does not overlap shoulder 47, although there may be overlapping of the free edge and the shoulder in some embodiments of the present invention. In a more preferable embodiment of the present invention, strips 32 and 34 are oriented relative to edges 107a and 107b, respectively, such that free edges 107a and 107b are not between feet 54 and 56, respectively, so as to facilitate placement of slider 48 on strips 32 and 34 by slider application machine 114.

A vibrating hopper 110 provides sliders 48 to channel 112 in an orientation appropriate for insertion of slider 48 onto fastener strips 32 and 34. Slider 48 is preferably oriented on fastener strips 32 and 34 such that the more narrow, interlocking end 58 of slider 48 faces in direction of the movement 101 of film web 102. The wider, unlocking end 59 of slider 48 is thus oriented opposite to direction of motion 101. Channel 112 provides sliders 34 to slider application machine 114. The present invention also contemplates those embodiments in which unlocking end 59 is oriented to face in the direction of movement 101.

Slider application machine 114 includes a motor-driven rotating selector wheel 115 which rotates within a semi-circular pocket of mounting block 302. Selector 115 rotates in a direction indicated by arrow 304 about axis of rotation 306. Sidewalls 22 and 24 of web 102, with fastener strips 32 and 34 attached, move in the direction 101. A stationary probe 309 spreads apart fastener strips 32 and 34 as the strips move toward slider application machine 114. Probe 309 is shown extending from channel 112 and preferably passing between both sets of closure elements 50a and 52a, and 50b and 52b. However, it is also acceptable in some embodiments of the present invention that probe 309 extend only between top closure elements 50a and 52a. In this manner the bottom closure elements remain interlocked, and slider 48 need not be spread apart as much to pass over the bottom closure, elements 50b and 52b. This partial opening by probe 309 would be useful in those embodiments of the present invention that utilize sliders 48 that cannot be spread apart far enough to extend over the bottom closure elements.

FIG. 4 shows a side elevational view of a slider application machine useful with the present invention. Selector 115 includes within it four pockets 310. A first pocket 310a is shown after having accepted a slider 48 out of channel 112. As seen in FIG. 5, as selector 115 rotates, pocket trailing edge 312 pushes slider 48 past a spreading ridge within block 302. The ridge contacts feet 54 and 56 of slider 48. The spreading ridge has a cross-sectional width that increases in the direction of rotation of selector 115. The height of the spreading ridge must be compatible with the length of separator 60 of slider 48, such that the two do not interfere during the spreading operation. As slider 48 is pushed along the spreading ridge, feet 54 and 56 are spread apart a sufficient distance to pass over closure elements 50 and 52 and shoulders 45 and 47. The present invention also contemplates those embodiments in which feet 54 and 56 also pass over edges 107a and 107b, respectively.

Web 102 traverses along filling tube 104, with strips 32 and 34 passing through a guiding slot within mounting block 302. The guide ensures proper orientation of the fastener strips 32 and 34 prior to placement of slider 48 on the strips. It is preferable that web 102 momentarily stop as selector.

US 6,925,779 B2

5

115 is rotated about 90 degrees. The positional movements of selector 115 and web 102 are synchronized such that a single slider 48 is placed on each container 20. In one embodiment of the present invention this synchronization is achieved by controlling both the rotational actuation of selector 115 and the flow of web 102. This control may be achieved by an analog controller that senses the stoppage of web 102, such as, by way of example only, a positional sensor on a gear train driving rotating sealing mechanism 108, or by an optical sensor that stops web 102 when a particular visual feature of web 102 passes in front of the sensor. As another example, synchronization may be achieved by a digital electronic controller that actuates selector 115 after determining from an encoder that a portion of web 102 equivalent to the width of container 20 as gone past machine 114 since the last slider 48 was placed over strips 32 and 34.

A pocket 310 with a slider 48 located therein is rotated to position slider 48 on web 102. Slider 48 moves over the spreading ridge and is spread open. Selector 115 then places slider 48 over fastener strips 32 and 34 at a first location before feet 54 and 56 have had sufficient time to return to their normal unspread configuration. Slider 48 returns to its unspread configuration under the influence of elastic forces within slider 48. Selector 115 stops rotation at a position with the pocket leading edge pulled away from contact with interlocking end 58 of slider 48. Web 102 is free to continue moving along filling tube 104 without interference from pocket 310. Edge 318 of mounting block 302 is cut back a sufficient amount to permit slider 48 to freely pass thereby. By momentarily stopping web 102 as selector 115 is rotated, and also by moving the pocket leading edge away from contact with slider 48, it becomes unnecessary to coordinate the rotational speed of selector 115 with the linear speed of web 102. Web 102 is preferably static when slider 48 is applied. The present invention also contemplates those embodiments in which either or both selector 115 and web 102 move in a generally continuous fashion.

After placing a slider 48 over fastener strips 32 and 34 at the first location, slider 48 is then held in a static position by positioning arm 116 and slider receiver 118 as film web 102 continues to be pulled down filling tube 104. Arm 116 may be a pocket or hand located at the end of a pneumatic cylinder, the pocket or hand having a shape complementary to a portion of slider 48. Actuation of the cylinder places the pocket or hand near slider 48 and constrains slider 48 to a position. Receiver 118 may be a pocketed plate or a flat plate that helps constrain motion of slider 48 when arm 116, is actuated.

Arm 115 and receiver 118 thus position slider 48 such that it does not interfere with the formation of corner seals 40 and 42. Because of the orientation of interlocking end 58 to face in the direction of the flow of web 102, holding slider 48 stationary as web 102 continues to move ensures that interlocking strips 32 and 34 are interlocked downstream of each slider 48. For those embodiments of the present invention in which unlocking end 59 faces in the direction of the flow of web 102, the present invention contemplates moving slider 48 relative to web 102 such that strips 32 and 34 are interlocked downstream of each slider 48.

A portion of this interlocked length of strips 32 and 34 is presented between sealing horn 120 and sealing plate 122. A pneumatic cylinder places horn 120 at a second location along fastener strips 32 and 34 and free ends 107a and 107b, and against sealing plate 122. By means of heat, ultrasonic energy, or similar process horn 120 fuses the portions of fastener strips and sidewall between horn 120 and sealing

6

plate 122 and simultaneously forms a corner seal 40 and endstop 36 of a first container 20, and a corner seal 42 and endstop 38 of an adjacent, second container 20. It is preferable that horn 120 and sealing plate 122 not alter shoulders 45 and 47, such that there remains shoulders 45 and 47 generally across the width of container 20 to restrain slider 48.

As the assembly of web 102, fastener strips 32 and 34, and slider 48 move down along filling tube 104, there is a second repositioning of slider 48. Slider 48 is positioned adjacent the second location fused by horn 120 and sealing plate 122 by positioning arm 124 which holds slider 48 stationary against slider receiver 126, in a manner similar to the positioning by arm 116 and receiver 118. It is preferable, but not necessary, that slider 48 be moved in a manner which interlocks strips 32 and 34 and positioned adjacent endstop 36 before endstop 36 is fully hardened. The softened area of strips 32 and 34 adjacent endstop 36 is thereby permanently deformed by slider 48. This movement of slider 48 into the previously fused area has been observed to reduce leakage from container 20. This permanently deformed area is docking station 39.

In some embodiments of the present invention, a tamper evident seal 127 is provided over guiding and tensioning rollers and into a second sealing mechanism 128. Mechanism 128 fuses a tamper evidence exterior seal 127 near free ends 107a and 107b of web 102, and over the exterior of slider 48 and fastener strips 32 and 34. In other embodiments of the present invention, a tamper evident interior seal 43 is located inside and between fastener strips 32 and 34, as indicated by dotted line 43 of FIG. 1. In other embodiments of the present invention it is not necessary to have a tamper evident seal.

As web 102 flows off of filling tube 104, a cutting and sealing mechanism 130 places a seal transversely across sidewalls 22 and 24. Having thus formed the first transverse seal of container 20, a product may be placed into the vertically extending filling tube 104 to thus fall within container 20. When container 20 is full and flows off of tube 104, sealing and cutting mechanism 130 forms the other transverse seal of container 20, and severs container 20 from web 102. The sealing and cutting mechanism 130 simultaneously forms the lower seal of the next container 20.

FIG. 5 is a schematic representation of a side view of another embodiment of the present invention, apparatus 200 for forming, filling, and sealing a container such as container 20 in a substantially horizontal manner. The use of similar element numbers denotes elements substantially related to those already described.

A web 102 of film is fed over rollers and along a folding guide 202 in a horizontal direction as indicated by arrow 201. Guide 202 folds web 102 in half, with fold 203 preferably located above free edges 107a and 107b. It is also acceptable that fold 203 be located laterally to edges 107a and 107b, such that web 102 is generally placed in a horizontal plane. A supply of interlocking fastener strips 32 and 34 are guided into alignment with free edges 107a and 107b, and sealed thereto by sealer 108. Feeding mechanisms 204 generally guide and feed web 102. Rollers, belts, and similar devices are suitable as feeding mechanisms 204.

Sliders 48 are placed along fastener strips 32 and 34 by machine 114 in a manner previously described. Sliders 48 are positioned by arm 116 and receiver 118, a fused spot is created by horn 120 and sealing plate 122, and slider 48 is repositioned by arm 124 and receiver 126, all in a manner as previously described. A tamper evident seal 127, if desired,

US 6,925,779 B2

7

8

may be applied to container 20 by sealer 128 in a manner as previously described.

Prior to the formation of transverse seals, it is necessary to open the bottom edge 203 of container 20 for subsequent introduction of the product. A slitter 210 cuts through the fold. Slitter 210 is preferably a static mechanism that cuts bottom edge 203 as web 102 is pulled past slitter 210. Bottom edge 203 is cut into bottom free edges 222 and 224. Shortened rollers 212 continue to guide and feed web 102.

A pre-sealing mechanism 206 applies sufficient heat and pressure to web 102 to substantially flatten web 102 thereat, but not so much heat or pressure as to fuse the web sidewalls. This pre-sealing mechanism 206 substantially removes wrinkles that may exist in web 102. A sealing mechanism 208 creates partial transverse seals for container 20 at the flattened web position. Sealing mechanism 208 is preferably of a type that utilizes either heated metal bars or electrical impulse sealing bars. Sealing mechanism 208 creates partial transverse seals 28' and 30' that extend substantially but not completely across sidewalls 22 and 24. Mechanism 208 fuses a partial transverse seal from free edges 107a and 107b across sidewalls 22 and 24 to a point about one-half inch away from bottom free edges 222 and 224. By not forming transverse seals completely across sidewalls 22 and 24, there remains a portion along bottom free edges 222 and 224 which is useful for guiding and feeding web 102 and also for subsequent opening and filling of container 20.

After forming partial transverse seals, a product is placed within container 20. Container 20 is useful for containing products that are generally flowing in nature, such as small pieces of candy, granular products, and liquids. For example, with products of the type which have a flowing nature it is preferable that container 20 be oriented in a substantially vertical manner as it continues to move horizontally. FIG. 5 schematically depicts a apparatus 200 in which a flowing product such as candy is being gravity fed from a hopper 214 into a container 20. Container opening mechanism 216 spreads apart bottom free edges 222 and 224 as the motion of web 102 is momentarily halted. Mechanism 216 may use mechanical fingers to hold and spread apart edges 222 and 224. Alternatively, mechanism 216 may incorporate suction devices that grasp and spread apart edges 222 and 224.

After introduction of the product into container 20, free edges 222 and 224 are fused together by bottom sealing mechanism 218. Mechanism 218 places a wide sealing area on container 20, such that a seal is formed that overlaps with partial transverse side seals 28' and 30'. In this way, the approximate one-half inch not sealed by sealing mechanism 208 is instead sealed by mechanism 218. Following the placement of a bottom seal, a cutting mechanism 230 severs adjacent containers 20 through the full transverse side seal 28 and 30. It may also be necessary to trim some of the sealed bottom edge of container 20.

Container 20 is also useful for larger products with a well defined shape, such as cheese and large candy bars. Web 102 may require reorientation based upon the type of product to be inserted within container 20. For placement within container 20 of those products that are large and have a definite shape it is preferable that web 102 be in a substantially horizontal plane, such that free edges 222 and 224 are at about the same elevation as fastening strips 32 and 34. FIG. 6 is a perspective schematic of apparatus 400, one embodiment of the present invention, for forming, filling, and sealing a container in a substantially horizontal manner. Apparatus 400 begins in a manner similar to that of appa-

ratus 200. Web 102 is fed by rollers 204 along a substantially horizontal path, preferably in a vertical orientation. Alternatively, web 102 may be pulled in a horizontally planar orientation. Fastener strips 32 and 34 are attached and sealed to web 102, a slider 48 is placed on the strips, and a tamper evident seal, if desired, is added.

In those embodiments in which web 102 is pulled by rollers 204 in a vertical orientation, there is a subsequent reorientation of web 102 to a horizontal plane. As web 102 passes through second roller set 204b there is a twist 402 of 90 degrees before web 102 passes through third set of rollers 204c. It is preferable to support the underside of the non-horizontal web 102. This support may be in the form of a belt or roller conveyor, for example.

A spreading mechanism 216' holds free edge 224 and lifts it vertically, creating opening 404 within web 102. In some embodiments it may be helpful to permit that portion of web 102 downstream of mechanism 216' to return toward mechanism 216', such that the lifting of free edge 224 does not unduly stress sidewall 22. A product is placed within sidewalls 22 and 24 of web 102 by placement mechanism 225 and free edge 224 is brought back into contact with edge 222. Transverse side seals 28 and 30 across web 102 are formed by sealing machine 208'. Sealing machine 208' places a full transverse seal across web 102. Sealing machine 208' must also separate sufficiently such that the product within container 20 may pass therebetween. Free edges 224 and 222 are then fused together by heat, ultrasonic energy, or other method by bottom sealer 218'. Bottom sealer 218' applies a slightly narrower seal than bottom sealer 218, because of the full transverse seal applied by sealing mechanism 208'. A cutting mechanism 230 then severs container 20 from web 102 through the transverse seals.

While the invention has been illustrated and described in detail in the drawings and foregoing description, the same is to be considered as illustrative and not restrictive in character, it being understood that only the preferred embodiment has been shown and described and that all changes and modifications that come within the spirit of the invention are desired to be protected.

What is claimed is:

1. A method for placing a product in a flexible reclosable container, comprising:

  feeding a web of flexible film;

  feeding a supply of interlockable cable fastener strips;

  orienting a slider to a predetermined orientation;

  placing the slider on the fastener strips;

  incorporating the fastener strips with the web of flexible film; and

  placing a product within the web.

2. The method of claim 1 wherein said incorporating is by fusing the fastener strips to the web.

3. The method of claim 1 which further comprises providing a slider with a locking end and an unlocking end, wherein said feeding a supply of interlockable fastener strips is in a direction, and wherein said orienting a slider is to a predetermined orientation in which the unlocking end faces the direction of said feeding.

4. The method of claim 1 which further comprises providing a slider with a locking end and an unlocking end, wherein said feeding a supply of interlockable fastener strips is in a direction, and wherein said orienting a slider is to a predetermined orientation in which the locking end faces the direction of said feeding.

5. The method of claim 1 which further comprises holding the slider in a static position during said feeding the web.

6. The method of claim 1 which further comprises:

  spreading apart the feet of the slider before said placing.

US 6,925,779 B2

9

7. The method of claim 1 which further comprises moving the slider relative to the fastener strips such that a portion of the fastener strips are interlocked.

8. The method of claim 7 which futher comprises:

feeding a supply of tamper evident seals; and

incorporating the tamper evident seals with one of the flexible web or the fastener strips.

10

9. The method of claim 1 which further comprises fusing together an end of the fastener strips to the web to form a corner seal.

10. The method of claim 9 which further comprises:

dividing the web into a plurality of containers by forming a seal generally across the film.

* * * * *

39015-4 (15270.64):JVD:362490

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:                    )
                                               )
                                               )          Before the Examiner
Ronald G. Thieman                              )          John Paradiso
                                               )
Patent No. 6,925,779                           )          Group Art Unit 3721
                                               )
Issued August 9, 2005                          )
                                               )
METHOD AND APPARATUS FOR                       )
PLACING A PRODUCT IN A FLEXIBLE                )
RECLOSABLE CONTAINER                           )          September 9, 2005

## REQUEST FOR EXPEDITED ISSUANCE
## OF CERTIFICATE OF CORRECTION IN ACCORDANCE WITH 37 C.F.R § 1.322

Certificate of Correction Branch
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313

Sir:

Please consider the following remarks.  No fees are believed to be due; however, please

charge any fees deemed required to Deposit Account No. 23-3030.

---

CERTIFICATE OF FACSIMILE
I hereby certify that this correspondence is
being directed to the Commissioner of Patents
via facsimile to the Examiner of record at 571-
273-8300 on **September 9, 2005**.

John V. Daniluck
Registered Representative

_____
Signature

9 Sept 2005
_____
Date

---

REQUEST FOR EXPEDITED ISSUANCE
OF CERTIFICATE OF CORRECTION
Patent No. 6,925,779
Docket No. 39015-4 (15270.64)
Page 1 of 5

39015-4 (15270.64):JVD:362490

## REMARKS

Applicant respectfully requests expedited issuance of a Certificate of Correction in accordance with 37 C.F.R. § 1.322(a) for U.S. Patent No. 6,925,779 B2, or in the alternative, issuance of a corrected patent in accordance with 37 C.F.R. § 1.322(b), for the following errors which are attributable solely to the U.S.P.T.O.

This request pertains to four different errors in the issued patent:

I.     an error in independent claim 1;
II.    an error in the dependency of claim 6;
III.    the omission of dependent claims 11-23; and
IV.    correction of the filing date of a parent application.

I.     The above-referenced U.S. patent includes independent claim 1. As published, this claim includes the word "cable" which was introduced as an error through the fault of the U.S.P.T.O. In order to expedite issuance of the correction in accordance with MPEP § 1480.01, the following documentation of this error is provided:

    **(1)**    The Notice of Allowability (3 pages) mailed January 28, 2004, which states that claim 29 of the amendment filed November 20, 2003 is allowed.

    **(2)**    A copy of the Response (7 pages) faxed November 20, 2003, which includes allowed claim 29 (published in the corresponding patent as claim 1).

Note that claim 29 of the 11/20/03 Response includes "feeding a supply of interlockable fastener strips," and does not use the word "cable" as erroneously inserted in the published patent.

Applicant previously provided a request for a Certificate of Correction which was mailed on September 2, 2005. However, that request did not include the documentation required by MPEP § 1480.01 for expedited issuance. In addition, Applicant calls to the attention of the Examiner that this previous Certificate mailed on 9/2/05 contained an obvious error with regards to claim 1, where it

REQUEST FOR EXPEDITED ISSUANCE
OF CERTIFICATE OF CORRECTION
Patent No. 6,925,779
Docket No. 39015-4 (15270.64)
Page 2 of 5

39015-4 (15270.64):JVD:362490

asked for deletion of the word "cable" from "Claim 8, col. 8, line 43" instead of the correct location "Claim 1, col. 8, line 45." This minor error is corrected in the Certificate attached hereto.

II.     The patent issued with claim 6 shown as dependent on claim 1. As can be seen in document (2) above, issued claim 6 corresponds to claim 31 as filed. Note that claim 31 depends upon claim 36 (claim 36 as-filed being the same as claim 5 as-issued). Therefore, issued claim 6 should depend upon issued claim 5.

III.     The above-referenced patent issued with one independent claim and 10 claims total. However, as can be seen in document (2), the pending application included independent claim 29 and dependent claims 30-51, for a total of 23 claims. Further in support of this correction is the following document:

(3)     Corrections to Notice of Allowability (2 pages), mailed February 16, 2004, and also including the return postcard stamped by OIPE (1 page).

Document (3) refers to a telephone conversation between the undersigned and Examiner Paradiso in which he agreed that the allowed claims are 29-51. Applicant respectfully requests that claims 11-23 (which correspond to filed claims 39-51) be added to the above-referenced patent as a correction.

IV.     The cover page of the above-referenced patent refers to the related U.S. applications to which priority is claimed. In the last sentence of text block (63) the filing date of "November 11, 1997" should be changed to "November 7, 1997." In support of this correction is the following document:

REQUEST FOR EXPEDITED ISSUANCE
OF CERTIFICATE OF CORRECTION
Patent No. 6,925,779
Docket No. 39015-4 (15270.64)
Page 3 of 5

39015-4 (15270.64):JVD:362490

**(4)**      Filing Receipt (2 pages) mailed September 5, 2002.

This Filing Receipt shows the correct filing date for Application 08/965,722. The (*) refers to the inconsistent data provided in the first paragraph of the originally filed application, which was subsequently corrected and now appears correctly in the issued patent at col. 1, line 15. Therefore, the only correction required is to the cover page.

39015-4 (15270.64):JVD:362490

## CLOSING

Applicant respectfully requests correction of the errors identified herein. To expedite issuance of these corrections, Applicant has provided copies of documents (1) thru (4) referred to herein. Also being provided with this request is a copy of a Certificate of Correction showing all errors as discussed herein.

The undersigned welcomes a telephonic interview if the Examiner believes that such an interview would facilitate clarification of any of the issues discussed herein.

Respectfully Submitted,

By: _John V. Daniluck_

John V. Daniluck, Reg. No. 40,581
Woodard, Emhardt, Moriarty,
   McNett & Henry LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
Phone: (317) 634-3456
Fax:    (317) 637-7561

Enclosures

39015-4:JVD:362492  WEMMH PTO/SB/44 (07/05)
Approved for use through 04/30/2007. OMB 0651-0033
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.
(Also Form PTO-1050)

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO.         :      6,925,779 B2                                   Page 1 of 1

APPLICATION NO.  : 10/209,769

ISSUE DATE       :      August 9, 2005

INVENTOR(S)    :      Thieman

It is certified that error appears or errors appear in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

On the patent front under the heading "Related U.S. Application Data", in the last line, please delete "Nov. 11, 1997" and insert in lieu thereof --Nov. 7, 1997--.

Claim 1, col. 8, line 45, please delete the word "cable" from the claim.

Claim 6, col. 8, line 67, please delete "1" and insert in lieu thereof --5--.

Claims 39-51 from the application were omitted from the patent. Please insert the following claims into the patent, which have been renumbered as 11-23:

11.      The method of claim 1 wherein said incorporating the fastener strips is before said placing the slider.

12.      The method of claim 1 wherein said incorporating the fastener strips is after said placing the slider.

13.      The method of claim 12 wherein said feeding the web is performed horizontally.

14.      The method of claim 12 wherein said placing the product is performed vertically.

15.      The method of claim 1 which further comprises guiding the fastener strips in a slot prior to said placing.

16.      The method of claim 1 which further comprises molding said slider in a single piece.

17.      The method of claim 1 wherein said placing the slider is synchronized with said feeding the web.

18.      The method of claim 1 which further comprises providing a plurality of sliders, wherein said orienting is by vibrating the sliders in a hopper.

19.      The method of claim 5 which further comprises holding the slider a second time in a static position during said feeding the web.

20.      The method of claim 1 wherein said feeding the web is performed vertically.

21.      The method of claim 20 wherein said feeding the web is continuous.

22.      The method of claim 20 wherein said feeding the web is intermittent.

23.      The method of claim 1 wherein said placing the product is performed horizontally.

MAILING ADDRESS OF SENDER (Please do not use customer number below):
Woodard, Emhardt, Moriarty, McNett & Henry LLP
John V. Daniluck
Bank One Center/Tower
111 Monument Circle, Suite 3700
Indianapolis, IN  46204-5137

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 10/209,769 | THIEMAN, RONALD G. |
| | Examiner | Art Unit |
| | John R. Paradiso | 3721 |

*COPY*

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>amendment filed 11/20/2003</u>.

2. ☒ The allowed claim(s) is/are <u>29-38</u>.

3. ☒ The drawings filed on <u>01 August 2002</u> are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
       a) ☐ All    b) ☐ Some*   c) ☐ None  of the:
            1. ☐ Certified copies of the priority documents have been received.
            2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
            3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
               International Bureau (PCT Rule 17.2(a)).
     * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application) since a specific reference was included in the first sentence of the specification or in an Application Data Sheet. 37 CFR 1.78.
     (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121 since a specific reference was included in the first sentence of the specification or in an Application Data Sheet. 37 CFR 1.78.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
     (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
            1) ☐ hereto or 2) ☐ to Paper No. _____ .
     (b) ☐ including changes required by the proposed drawing correction filed _____, which has been approved by the Examiner.
     (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

     Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the margin according to 37 CFR 1.121(d).

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)
2 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3 ☒ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No. <u>7, 12</u>
4 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5 ☐ Notice of Informal Patent Application (PTO-152)
6 ☐ Interview Summary (PTO-413), Paper No. _____ .
7 ☒ Examiner's Amendment/Comment
8 ☒ Examiner's Statement of Reasons for Allowance
9 ☐ Other .

Application/Control Number: 10/209,769                               Page 2
Art Unit: 3721

## EXAMINER'S COMMENT

### *Terminal Disclaimer*

1.      The terminal disclaimer filed on 9/26/2003 disclaiming the terminal portion of any patent

granted on this application which would extend beyond the expiration date of US Patent 6438926

has been reviewed and is accepted.  The terminal disclaimer has been recorded.

### *Response to Arguments*

2.      Applicant's arguments filed 11/20/2003 have been fully considered and are persuasive.

### *Reasons for Allowance*

3.      The following is an examiner's statement of reasons for allowance: the prior art could not

alone or in combination anticipate or make obvious a method for packaging in a enclosable

container comprising the following steps, in order:

      a.      Feeding a web of flexible film;

      b.      Feeding a supply of interlockable fastener strips;

      c.      Orienting a slider;

      d.      Placing the slider on the fastener strips;

      e.      Incorporating the fastener strips with the web of flexible film;

      f.      Placing a product within the web.

Application/Control Number: 10/209,769                                    Page 3
Art Unit: 3721

Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."


### *Conclusion*

4.       Any inquiry concerning this communication or earlier communications from the
examiner should be directed to John Paradiso. The examiner can normally be reached Monday-
Friday, 9:30 p.m. – 6:00 p.m. (ET).
        If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Rinaldi Rada, can be reached at the number listed below.
        Any inquiry of a general nature or relating to the status of this application should be
directed to the 3700 Technology Center Receptionist.

Rinaldi I. Rada
Supervisory Patent Examiner
Group 3700

Examiner John Paradiso:    (703) 308-2825                    January 26, 2004

Additional Phone Numbers:
Supervisor Rinaldi Rada:       (703) 308-2187
TC 3700 Receptionist:          (703) 308-1148
Customer Service:              (703) 306-5648
Fax (directly to Examiner)     (703) 746-3253
Fax (Official):                (703) 872-9306

3046-241.JVD.251351

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re patent application of: | ) | Examiner |
| | ) | John Paradiso |
| Ronald G. Thieman | ) | |
| | ) | Group Art Unit 3721 |
| Serial No. 10/209,769 | ) | |
| | ) | |
| Filed August 1, 2002 | ) | |
| | ) | |
| METHOD AND APPARATUS FOR | ) | |
| PLACING A PRODUCT IN A FLEXIBLE | ) | |
| RECLOSABLE CONTAINER | ) | November 20, 2003 |

COPY

## RESPONSE TO NOTICE OF NON-COMPLIANT AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Notice of Non-Compliant Amendment dated November 5, 2003,

enclosed is the corrected "Amendments to the Claims" section which includes a complete list of

the claims. No fees are believed to be due; however, if any fees are deemed to be necessary, the

United States Patent and Trademark Office is authorized to charge such fees to Deposit Account

23-3030, but not to include the payment of any issue fee.

CERTIFICATE OF FACSIMILE
I hereby certify that this correspondence is being
directed to the Commissioner of Patents via facsimile
to the Examiner of record at 703-746-3253 on
November 20, 2003.

John V. Daniluck
Name of Registered Representative

Signature

20 NOV 2003
Date of Signature

3046-241.JVD.251351

## IN THE CLAIMS

**1-28:  cancelled**

29.     (original)  A method for placing a product in a flexible recloseable container, comprising:

feeding a web of flexible film ;

feeding a supply of interlockable fastener strips;

orienting a slider to a predetermined orientation;

placing the slider on the fastener strips ;

incorporating the fastener strips with the web of flexible film; and

placing a product within the web.

30.     (previously amended) The method of claim [29] 37 which further comprises:

feeding a supply of tamper evident seals; and

incorporating the tamper evident seals with one of the flexible web or the fastener strips.

31.     (previously amended) The method of claim [29] 36 which further comprises:

spreading apart the feet of the slider before said placing.

3046-241.JVD.251351

32.     (previously amended) The method of claim [29] 38 which further comprises:

dividing the web into a plurality of containers by forming a seal generally across the film.

33.     (previously submitted) The method of claim 29 wherein said incorporating is by

fusing the fastener strips to the web.

34.     (previously submitted) The method of claim 29 which further comprises

providing a slider with a locking end and an unlocking end, wherein said feeding a supply of

interlockable fastener strips is in a direction, and wherein said orienting a slider is to a

predetermined orientation in which the unlocking end faces the direction of said feeding.

35.     (previously submitted) The method of claim 29 which further comprises

providing a slider with a locking end and an unlocking end, wherein said feeding a supply of

interlockable fastener strips is in a direction, and wherein said orienting a slider is to a

predetermined orientation in which the locking end faces the direction of said feeding.

36.     (previously submitted) The method of claim 29 which further comprises holding

the slider in a static position during said feeding the web.

3046-241.JVD.251351

37.     (previously submitted)  The method of claim 29 which further comprises moving the slider relative to the fastener strips such that a portion of the fastener strips are interlocked.

38.     (previously submitted)The method of claim 29 which further comprises fusing together an end of the fastener strips to the web to form a corner seal.

39.     (previously submitted)  The method of claim 29 wherein said incorporating the fastener strips is before said placing the slider.

40.     (previously submitted)  The method of claim 29 wherein said incorporating the fastener strips is after said placing the slider.

41.     (previously submitted)  The method of claim 40 wherein said feeding the web is performed horizontally.

42.     (previously submitted)  The method of claim 40 wherein said placing the product is performed vertically.

43.     (previously submitted)  The method of claim 29 which further comprises guiding the fastener strips in a slot prior to said placing.

3046-241.JVD.251351

44.   (previously submitted)  The method of claim 29 which further comprises molding said slider in a single piece.

45.   (previously submitted)  The method of claim 29 wherein said placing the slider is synchronized with said feeding the web.

46.   (previously submitted)  The method of claim 29 which further comprises providing a plurality of sliders, wherein said orienting is by vibrating the sliders in a hopper.

47.   (previously submitted)  The method of claim 36 which further comprises holding the slider a second time in a static position during said feeding the web.

48.   (previously submitted)  The method of claim 29 wherein said feeding the web is performed vertically.

49.   (previously submitted)  The method of claim 48 wherein said feeding the web is continuous.

50.   (previously submitted)  The method of claim 48 wherein said feeding the web is intermittent.

3046-241.JVD.251351

51.     (previously submitted)  The method of claim 29 wherein said placing the product is performed horizontally.

3046-241.JVD.251351

## REMARKS

Reconsideration of the present application is respectfully requested.

In response to the Notice of Non-Compliant Amendment mailed November 5, 2003, Applicant provides herein a complete listing of the status of all claims. In particular, the notation that claims 1-28 were cancelled is included. No other changes to the claims have been made.

Respectfully submitted,

By _____

John V. Daniluck, Reg. No. 40,581
Woodard, Emhardt, Moriarty,
    McNett & Henry LLP
Bank One Center/Tower, Suite 3700
111 Monument Circle
Indianapolis, Indiana 46204-5137
(317) 634-3456 telephone
(317) 637-7561 facsimile

RESPONSE TO NOTICE OF NON-COMPLIANT AMENDMENT
Serial No. 10/209,769
Attorney Docket 3046-241
Page 7 of 7

3046-241.JVD.265266

IN THE UNITED STATES PATENT OFFICE

COPY

In re patent application of:                    )
                                                )    Before the Examiner
Ronald G. Thieman                               )    John Paradiso
                                                )
Serial No. 10/209,769                           )
                                                )    Group Art Unit 3721
Filed August 1, 2002                            )
                                                )
METHOD AND APPARATUS FOR                        )
PLACING A PRODUCT IN A FLEXIBLE                 )
RECLOSABLE CONTAINER                            )    February 16, 2004


## CORRECTIONS TO NOTICE OF ALLOWABILITY

Mail Stop: Issue Fee
Commissioner for Patents
P.O. Box 1450
Washington, DC 20231

Sir:

Please consider the following remarks. No fees are believed to be due. If any fees are deemed to be necessary, please charge such fees to Deposit Account No. 23-3030 but not to include any payment of issue fees.

> I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Mail Stop Issue Fee, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-145 on **February 16, 2004.**
>
> John V. Danidick
>
> _____
> Signature
>
> 16 FEB 2004
> Date of Signature

COMMENTS ON NOTICE OF ALLOWABILITY
Serial No. 10/209,769
Attorney Docket 3046-241
Page 1 of 2

3046-241.JVD.265266

## REMARKS

Applicant brings to the attention of the Examiner that the Notice of Allowability dated January 28, 2004 listed only claims 29-38 as being allowed. Examiner Paradiso and the undersigned have discussed this by telephone, and both agree that the allowed claims are instead 29-51. Applicant thanks the Examiner for noting that this correction will be made to the file.

Respectfully submitted,

By: _____

John V. Daniluck, Reg. No. 40,581
Woodard, Emhardt, Moriarty, McNett & Henry LLP
Bank One Center/Tower
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
(317) 634-3456 – telephone
(317) 637-7561 – facsimile

tter No./Case No. __3046-241_____    Initials/Date: __JVD/___ FEB 6/04

__Patent__   ( ) Trademark   ( ) Copyright

rial No. __10/209,769_____

plicant __Ronald G. Thieman___

__Corrections to Notice of__
__Allowability_____
_____
    .                       

Return Receipt Postcard

( ) Application #_____
( ) Check for $_____
( ) #___ sheets of drawings
( ) Declaration & Power of Attorney
( ) Assignment & Recordation cover sheet
( ) Information Disclosure Statement
( ) Transmittal Form /PTO Form _____
( ) Fee Transmittal /PTO Form _____
( ) Amendment/ Response to Office Action
( ) Request for Extension of Time
( ) Statement of Use
( ) Specimen(s) #_____

RECEIPT OF THE ATTACHED IS HEREBY ACKNOWLEDGED



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | DRAWINGS | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|---|
| 10/209,769 | 08/01/2002 | 3721 | 740 | 3046-241 | 6 | 4 | 1 |

Woodard, Emhardt, Naughton, Moriarty and McNett
Bank One Center/Tower
Suite 3700
111 Monument Circle
Indianapolis, IN 46204-5137

**CONFIRMATION NO. 9465**
**FILING RECEIPT**

*OC000000008729148*

Date Mailed: 09/05/2002

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Office of Initial Patent Examination's Filing Receipt Corrections, facsimile number 703-746-9195. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).

Applicant(s)

Ronald G. Thieman, Noblesville, IN;

Domestic Priority data as claimed by applicant

THIS APPLICATION IS A CON OF 10/022,451 12/17/2001 PAT 6,438,926
WHICH IS A CON OF 09/798,262 02/28/2001 PAT 6,363,692
WHICH IS A CON OF 09/370,053 08/06/1999 PAT 6,209,287
WHICH IS A CON OF 08/965,722 11/07/1997 PAT 5,956,924 *
(*)Data provided by applicant is not consistent with PTO records.

Foreign Applications

If Required, Foreign Filing License Granted 09/04/2002

Projected Publication Date: 12/12/2002

Non-Publication Request: No

Early Publication Request: No

**RECEIVED**

SEP 9 2002

Woodard, Emhardt, Naughton,
Moriarty & McNett

Title

Method and apparatus for placing a product in a flexible recloseable container

Preliminary Class
053

---

## LICENSE FOR FOREIGN FILING UNDER
### Title 35, United States Code, Section 184
### Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Office of Export Administration, Department of Commerce (15 CFR 370.10 (j)); the Office of Foreign Assets Control, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

### NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).